UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x

HENISHA TOPPIN, SHJAYIA JONES,
J.T., An infant by his mother and natural guardian,
HENISHA TOPPIN,

                            Plaintiffs

    -against-                                        **COMPLAINT**
                                               **AND JURY DEMAND**

                                               No. 23-CV-9584

CITY OF NEW YORK, and
MARISA LOUIS-JEAN, BRANDON
AGOSTO, JERRY BONANNO, ROBERT
BRAMBLE, KARL CAMPBELL, ELISSA
CARLIES, DANIEL CATALANO, LISA
CORDERO, ANGELA CRENSHAW, JUSTIN
FLORES, GORDEN FRANCOIS, SALVATORE
GALATI, ROSEMARY GALLARDO, MICHAEL
GOTAY, MINA HANNALLA, KARL
LARREGUI, BRIAN MCHENRY, ANDRE
MORRIS, JACK PALLESCHI, RABBE
RIDHWANUL, NICHOLAS RINGELSPAUGH,
JUNAID SAEED, HADI SAIFI, MICHAEL
SALVATORI, NATALY SAMPEDRO, MARIAM
SHENGELIA, JUSTIN SIMMS, MATTHEW
WALLING, and RICHARD WATERS,

                           Defendant(s),
_____x

## PRELIMINARY STATEMENT

1.     This is an action for monetary damages (compensatory and punitive) against the CITY OF NEW YORK, and POLICE OFFICERS MARISA LOUIS-JEAN ("LOUIS-JEAN"), BRANDON AGOSTO ("AGOSTO"), JERRY BONANNO ("BONANNO"), ROBERT BRAMBLE ("BRAMBLE"), KARL CAMPBELL ("CAMPBELL"), ELISSA CARLIES ("CARLIES"), DANIEL CATALANO ("CATALANO"), LISA CORDERO ("CORDERO"), ANGELA CRENSHAW ("CRENSHAW"), JUSTIN FLORES ("FLORES"), GORDON FRANCOIS

("FRANCOIS"), SAVATORE GALATI ("GALATI"), ROSEMARY GALLARDO ("GALLARDO"), MICHAEL GOTAY ("GOTAY"), MINA HANNALLA ("HANNALLA"), KARL LARREGUI ("LARREGUI"), BRIAN MCHENRY ("MCHENRY") ANDRE MORRIS ("MORRIS"), JACK PALLESCHI ("PALLESCHI"), RABBE RIDHWANUL ("RIDHWANUL"), NICHOLAS RINGELSPAUGH ("RINGELSPAUGH"), JUNAID SAEED ("SAEED"), HADI SAIFI ("SAIFI"), MICHAEL SALVATORI ("SALVATORI"), NATALY SAMPEDRO ("SAMPEDRO") , MARIAM SHENGELIA ("SHENGELIA"), JUSTIN SIMMS ("SIMMS"), MATTHEW WALLING ("WALLING"), RICHARD WATERS ("WATERS") of the New York City Police Department ("NYPD"), arising out of the false arrest, false imprisonment and detention, illegal taking of property, loss of parental rights, assault and battery and use of excessive force against HENIISHA TOPPIN ("TOPPIN"), SHJAYIA JONES ("JONES") and J.T. ("Plaintiffs").

  2. On or about January 1, 2021, LOUIS-JEAN, AGOSTO, BONANNO, BRAMBLE, CAMPBELL, CARLIES, CATALANO, CORDERO, CRENSHAW, FLORES, FRANCOIS, GALATI, GALLARDO, GOTAY HANNALLA, LARREGUI, MCHENRY, MORRIS, PALLESCHI, RIDHWANUL, RINGELSPAUGH, SAEED, SAIFI, SALVATORI, SAMPERDO, SHENGELIA, SIMMS, WALLING, WATERS, all members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiffs to, *inter alia*, false arrest, false imprisonment and detention, illegal taking of property, loss of parental rights, assault and battery and use of excessive force, for acts of which plaintiffs were innocent. This unconstitutional and unreasonable seizure of the plaintiffs and their property was in violation of plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

  3. The Plaintiffs, through their attorneys, complaining of the defendants, respectfully allege:

## JURISDICTION

4. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Eastern District of New York, particularly Kings County.

## PARTIES

7. Plaintiffs, at all times relevant hereto, resided in the City of New York and State of New York, County of Kings.

8. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9. The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10. That at all times hereinafter mentioned, and on information and belief, the defendants LOUIS-JEAN, AGOSTO, BONANNO, BRAMBLE, CAMPBELL, CARLIES, CATALANO, CORDERO, CRENSHAW, FLORES, FRANCOIS, GALATI, GALLARDO, GOTAY, HANNALLA, LARREGUI, MCHENRY, MORRIS, PALLESCHI, RIDHWANUL, RINGELSPAUGH, SAEED, SAIFI, SALVATORI, SAMPERDO, SHENGELIA, SIMMS, WALLING, WATERS and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14. On or about January 1, 2021, at approximately 3:00 a.m., plaintiffs were having a New Year's Eve celebration inside of TOPPIN'S mother's home located 916 East 101st Street, Brooklyn, New York.

15. Members of the NYPD including LOUIS-JEAN, AGOSTO, BONANNO, BRAMBLE, CAMPBELL, CARLIES, CATALANO, CORDERO, CRENSHAW, FLORES, FRANCOIS, GALATI, GALLARDO, GOTAY HANNALLA, LARREGUI, MCHENRY, MORRIS, PALLESCHI, RIDHWANUL, RINGELSPAUGH, SAEED, SAIFI, SALVATORI, SAMPERDO, SHENGELIA, SIMMS, WALLING, WATERS arrived at the location at approximately 3:00 a.m. and knocked on the door.

16. When no one from inside of the location answered the police refused to leave and remained at the scene.

17. On January 1, 2021, at approximately 5:30 a.m. all three plaintiffs, including TOPPIN'S 10-year-old son J.T., and others, exited the location, were placed in police custody and taken to the 69th Precinct.

18. At the 69th Precinct, J.T. was placed approximately 30 feet from his mother, TOPPIN, as she stood handcuffed before the desk sergeant.

19. Standing before the desk sergeant, TOPPIN was forced to endure and J.T., given his proximity to his mother, was forced to watch a humiliating search of TOPPIN by defendants.

20. When JONES was arrested, she was forced to stand outside in the extreme cold, wearing only boxer shorts on her lower extremities, before being taken to the 69th Precinct. JONES was not provided pants until many hours later while still in custody at the 69th Precinct.

21. At the 69th Precinct JONES was released, after being held in police custody for approximately 48 hours, and never charged with a crime.

22. J.T. was released to his grandmother and never charged with a crime.

23. However, TOPPIN was required to go to Kings County Criminal Court where she was charged on a felony complaint CR-000165-21KN, with Criminal Possession of a Weapon in the Second Degree (PL § 265.03 (3)) (3 Counts) and other related charges.

24. TOPPIN was eventually charged with Criminal Possession of a Weapon in the Second Degree (PL § 265.03 (3)) (3 Counts) under Indictment No. 72167/2021

25. TOPPIN was required to appear in Kings County Supreme Court for these charges until her case was dismissed on December 8, 2021.

26. As a result of her arrest, TOPPIN was required to appear in Kings County Family Court as part of an Administration for Children's Services ("ACS") investigation regarding her son J.T. during the pendency of the criminal case.

27. Because of defendants' conduct, plaintiffs were imprisoned, detained, restrained and held against their will and unlawfully deprived of their liberty and property.

28. In addition, as result of defendants' conduct, TOPPIN lost custody of her son J.T., and J.T. lost his right to live with his mother, TOPPIN, for an entire year.

29. TOPPIN's mother's home was ransacked as result of the police searching for handguns.

30. Pursuant to a search warrant the police recovered three 9MM handguns.

31. Following her arrest, TOPPIN was held in custody for over 24 hours before being released on January 2, 2021, after she was arraigned at Kings County Criminal Court.

32. On December 8, 2021, the Kings County District Attorney's Office dismissed all of the charges against the plaintiff TOPPIN.

33. The arrest of the plaintiffs was committed by the defendants without legal process and without probable cause.

34. Defendants took plaintiffs' property, two cell phones, which to date has not been returned.

35. Defendants acted maliciously and intentionally.

36. As a direct and proximate result of the acts of defendants, plaintiffs suffered injuries including but not limited to embarrassment, humiliation, emotional distress, loss of liberty and property. To this day J.T. suffers from nightmares because of the actions of the defendants that resulted in his being separated from his mother for almost one year.  In addition, to humiliation and embarrassment, JONES experienced extreme physical discomfort from having to stand in the cold without pants.

37. J.T. was further traumatized from the fear that his mother would end up going to jail as result of her arrest.

38. TOPPIN suffered the emotional distress of losing custody of J.T. for almost one year and the fear and stigma of possibly permanently losing her parental rights.

39. JONES's cell phone, which was taken from her by defendants, has never been returned.

40. TOPPIN's cell phone, which was taken from her by defendants, has never been returned.

6

## FIRST CLAIM FOR RELIEF
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

41. Paragraphs 1 through 40 are herein incorporated by reference.

42. Defendants LOUIS-JEAN, AGOSTO, BONANNO, BRAMBLE, CAMPBELL, CARLIES, CATALANO, CORDERO, CRENSHAW, FLORES, FRANCOIS, GALATI, GALLARDO, GOTAY HANNALLA, LARREGUI, MCHENRY, MORRIS, PALLESCHI, RIDHWANUL, RINGELSPAUGH, SAEED, SAIFI, SALVATORI, SAMPERDO, SHENGELIA, SIMMS, WALLING, WATERS subjected plaintiffs to false arrest, imprisonment, and deprivation of liberty without probable cause.

43. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

44. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs were damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiffs in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiffs punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(MUNICIPAL LIABILTY)

7

45. Paragraphs 1 through 44 are incorporated herein by reference.

46. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiffs as a result of the conduct of its employees, agents, and servants.

47. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

48. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

49. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

50. Defendant CITY OF NEW YORK has damaged the plaintiffs by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

51. Defendants subjected plaintiffs to false arrest and false imprisonment.

52. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiffs in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiffs punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and

D.   Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(FOURTH AMENDMENT)

53.   Paragraphs 1 through 52 are incorporated herein by reference.

54.   Defendants LOUIS-JEAN, AGOSTO, BONANNO, BRAMBLE, CAMPBELL, CARLIES, CATALANO, CORDERO, CRENSHAW, FLORES, FRANCOIS, GALATI, GALLARDO, GOTAY HANNALLA, LARREGUI, MCHENRY, MORRIS, PALLESCHI, RIDHWANUL, RINGELSPAUGH, SAEED, SAIFI, SALVATORI, SAMPERDO, SHENGELIA, SIMMS, WALLING, WATERS arrested plaintiffs subjecting them to false arrest, imprisonment and deprivation of liberty without probable cause.

55.   That as a result of the foregoing, the plaintiffs have been deprived of their following rights, privileges and immunities secured to them by the constitution and the laws of the United States: the right to be secure in their person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiffs not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of their civil rights in violation of the statutes made and provided.

56.   Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally as follows:

A.   In favor of the plaintiffs in the amount of Five Million ($5,000,000.00) Dollars;

B.   Awarding plaintiffs punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

9

  C. Awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
(FOURTEENTH AMENDMENT)

  57. Paragraphs 1 through 56 are incorporated herein by reference.

  58. Defendants LOUIS-JEAN, AGOSTO, BONANNO, BRAMBLE, CAMPBELL, CARLIES, CATALANO, CORDERO, CRENSHAW, FLORES, FRANCOIS, GALATI, GALLARDO, GOTAY HANNALLA, LARREGUI, MCHENRY MORRIS, PALLESCHI, RIDHWANUL, RINGELSPAUGH, SAEED, SAIFI, SALVATORI, SAMPERDO, SHENGELIA, SIMMS, WALLING, WATERS illegally arrested plaintiffs subjecting them to false arrest, imprisonment and deprivation of liberty without probable cause.

  59. That as a result of the foregoing, the plaintiffs have been deprived of their following rights, privileges and immunities secured to them by the constitution and the laws of the United States: the right to be secure in their person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

  **WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally as follows:

  A. In favor of the plaintiffs in the amount of Five Million ($5,000,000.00) Dollars;

B.     Awarding plaintiffs punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.     Awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
(FEDERAL TAKINGS CLAUSE, FIFTH AMENDMENT)

60.     Paragraphs 1 through 59 are incorporated herein by reference.

61.     Plaintiff TOPPIN and JONES each had their cell phones seized by defendants after both plaintiffs were taken into custody.

62.     Defendants' actions are a seizure of TOPPIN's and JONES's property without just compensation, all in violation of the Fifth Amendment of the United States Constitution.

63.     This claim is being made against all defendants pursuant to 42 U.S.C. § 1983 and § 1988.

64.     The Fifth Amendment of the United States Constitution, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking of private property by defendants. See Knick v. Township of Scott, Pennsylvania, 588 U.S. ___, 139 S.Ct. 2162, 204 L.Ed.2d 558 (2019).

65.     Defendants have provided no compensation to plaintiffs TOPPIN and JONES for the taking of their cell phones, thereby depriving plaintiffs of their constitutional rights in violation of the Fifth Amendment of the United States Constitution.

66.     As a result of defendants' actions and failure to pay just compensation, plaintiffs TOPPIN and JONES have been injured and suffered damages in an amount to be determined at trial.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally as follows:

A.   In favor of the plaintiffs in the amount of Five Million ($5,000,000.00) Dollars;

B.   Awarding plaintiffs punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.   Awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and

D.   Granting such other and further relief as this Court deems just and proper.

### Jury Demand

Plaintiff demands a jury trial.

Dated: New York, New York
       December 29, 2023

FINK & KATZ, PLLC.

By:   /s/ *Jonathan A. Fink*
      Jonathan A. Fink
      One of Plaintiffs' Attorneys

**Attorneys for Plaintiffs**

Jonathan A. Fink
Fink & Katz, PLLC
299 Broadway, Suite 1803
New York, New York 10007
Telephone: (212) 385-1373


Brian Bromberg
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn, NY 11225
Telephone: 212-248-7906